Good morning. May it please the Court, Sarah Cressman for the appellants, and I'd like to reserve two minutes for rebuttal. All right, go ahead. May it please the Court, it was error for the District Court to dismiss the Riggio action, which was for the on-call claims, based on res judicata because the plaintiffs had never had a full and fair opportunity to litigate their on-call claims in the first filed action, which was the stickle action. Counsel, as I understand it, if we view this case, the one that was dismissed, as the second case, and the earlier case is the one in which the trial court found waiver, that case is still ongoing, or at least it was still ongoing at the time you filed this complaint. Is that not true? That is correct. If that's true, then doesn't Rule 54 provide that any decision by the trial court, while the case is pending, is interlocutory and not a final judgment? That is correct. We... There was no certification, was there, in this case, for immediate appeal? Correct. There was no certification. Plaintiffs view... So why are you here? Well, essentially what happened was the plaintiffs interpreted the interlocutory order that was entered in the stickle action deeming the on-call claims waived due to failure to comply with the court's case management order in that case as an interlocutory order. Because in FLSA actions, the claims of the plaintiffs continue to die daily, plaintiffs believe that in order to adequately preserve those claims for the violations of the on-call policies, they believe that it was appropriate to file a separate action in order to adequately preserve those claims, and that was the Riggio action. Well, can I ask you this about the stickle action? That's the first case? Correct. So is that still ongoing even today? Yes. The stickle action is still ongoing. Procedurally, where that action is, is the decertification was granted, but the claims of the seven named plaintiffs in that case are still proceeding. Okay. So there has been no final judgment entered in the stickle action. Therefore, the interlocutory order deeming waived the on-call claims is not right for appeal in the stickle action. But why did you treat the deemed waived order in the stickle action as disposing of the individual plaintiffs' claims? I don't understand that. Is there something the district court said or did after that little footnote that led you to believe that you weren't even going to be able to litigate the individual claims? Well, actually, it was confusing as to what the district court actually meant, because when it entered the order deeming waived the on-call claims in the stickle action, it was unclear exactly what the effect of that order was. Obviously, in light of the fact that the subsequent separate action that the regio plaintiffs filed for the on-call claims and the order that the district court entered indicating that those claims were waived based on res judicata principles. Well, other circuits would seem to indicate you don't have a final judgment here. And if this were not a final judgment, I think that appellee is encouraging the court to look at it from the perspective of Adams, the Adams case. And so in Adams, we held that a district court has the inherent power to dismiss or consolidate a duplicative action. Why shouldn't we remand this to the district court to consider whether this is one of those things? Or should we just, I think appellee is encouraging us to just resolve the Adams issue right here. Well, we believe Adams is actually instructive here because in Adams, there was actually notice to the plaintiffs in that case that the dismissal would be a consequence of failure to comply with the court's orders in the stickle action. There was no notice by the district court that a failure to comply with the court's scheduling order in that case, which apparently is is what the district court construed would result in dismissal of the on-call claims with prejudice, meaning that those claims would be barred forever. There was no notice in the stickle action that that was right. But I think we're talking past each other here. Okay. If it's not a final judgment, then you have to show some basis for this court to exercise its jurisdiction. Now, if it's a duplicate, so if it's not a final judgment, then that's one thing. But Adams talks about duplicated actions, and it looks kind of like that. Should we look at it that way, or should we send it back to the district court and have the district court, since apparently stickle's been somewhat realigned since this case was down there? Well, in terms of what the appellees have raised in terms of Riggio being a duplicative action, that was not an issue that was raised on appeal. So we don't even believe that that's appropriate for consideration. Well, I think they mentioned it in their brief, didn't they? I mean, I didn't make that – I didn't just pull that out of the hat here. They didn't argue it in the district court. Right. So that wasn't something that they argued in the district court. They just argued that Riggio's codified. But they did argue it on appeal, right? On appeal, but it wasn't something that the district court considered in its decision. It just considered the Riggio's codified. All right, but you just said – you have to be careful with the words you use. You just said that's not something that's been argued on appeal. I don't think that's correct. It has been argued on appeal, but whether we – you know, whether – you know, I guess from your wish list you want us to consider this to be a final judgment you want to win. Is that what you're saying? Well, we don't believe that the order that was entered in the Stickel case, first of all, that was a footnote in an order on a conditional certification or a notice motion under the FLSA. The district court did not indicate that that was a dismissal, with prejudice or without prejudice. So there was no indication in the order that was entered in the Stickel action as to what the effect of the – And I realize this is not the Stickel case, but if it were, wouldn't it be appropriate to ask you, if you're unhappy with an interlocutory decision at the district court level, don't you have three options? If you don't understand what the order was, you move for clarification. If you understand and don't like it, you can move for reconsideration and presumably deal with the law of the case. If you don't like it and you feel you're subject to irreparable injury before a final judgment is possible, you seek certification under 54C. Now, did you do any of those three things? Well – I think that can be a yes or no. No, we did not believe that it would be productive to do – to seek any of those options because – So you want judge shopping? I'm sorry? I said, so you want judge shopping? I mean, is that your answer? No, we're not judge shopping. The deemed waived footnote that was issued in a conditional certification order in the Stickel action, once we refiled the Regio action for the on-call claims, the district court made it clear that the effect of its order was a dismissal on the merits. And since the Stickel action, there has been no final judgment in that action. It's an interlocutory order that is not appealable until there's a final adjudication on the merits of those claims. That has not happened. Or you could seek certification. That's correct, but, you know, I think it's irrelevant whether, you know, plaintiffs had sought certification of the appeal. I don't know that that would have changed the ultimate result in terms of the effect of the court's holding. Well, but you don't get to ask, you don't get to make the determination whether that would change or not in terms of if you want to come to this court. You know, you have to, you know, you have to have a final judgment. Yes, go ahead. So the named plaintiffs in the Regio action are somewhat different from the named plaintiffs in the Stickel action, is that right? The named plaintiffs in the Regio action are different from the named plaintiffs in the Stickel action. That's correct. So at the time the deemed waived order was issued, were the new named plaintiffs in this case, were they parties to the Stickel action or no? They were all opt-in plaintiffs in the Stickel action or named plaintiffs in the Stickel action. So they had affirmatively opted in to the Stickel action at the time the deemed waived order was issued. That is correct. Okay. All right. Same attorneys. It's the same attorneys for both parties, correct. All right. Your time's expired. You're actually one minute over. Unless either of the judges have additional questions, your time is over. Okay. Thank you. Do I still have two minutes for a break? No, you don't. And after we've given you an additional minute, we've had our questions answered. If after the appellee speaks, if any of the judges have any additional questions of you, then I'll give you additional time. But if we have no additional questions, your time's expired. Thank you. May it please the Court, Lonnie Williams on behalf of the appellees. Good morning. Good morning. I take the idea that this is for the Court to ask questions. I have a few comments. I think the one thing that counsel ignores is the context of all of this occurring. This occurred in the context of a motion for conditional certification where they had listed a number of claims and the Court deemed that one claim that they sought conditional certification on had been waived. We have never contended in this case that the individual claims of the plaintiffs, which were still in stickle, all of them were still in stickle, had been waived or adjudicated. What was determined is you can't seek conditional certification on that claim. The other seven you can, and that was done, and that's been adjudicated. But there's nothing in this order that says any claim, any individual claim is waived. That wasn't an issue. So there's nothing that happened after the deemed waived order that the district court did to give these folks the impression that they couldn't go forward on the individual claims? In stickle. Exactly. In fact, many of them are. They never sought to go forward on the on-call claims in stickle. But there's no order saying they can't, because there's a difference between what happens on conditional certification versus the merits. And many of some of these people have been dismissed for other reasons that aren't relevant here. But the bottom line is this is a conditional certification ruling. So, Zonia, you wouldn't object, then, I assume, if we were to remand this back to the district court for the district court to exercise its discretion as to whether to consolidate the individual claims in the Regio action with the stickle action? We would, because that would be no purpose in that. But you just said that the deemed waived order does not reach the individual claim. I agree. The parties in Regio are still parties in stickle. So shouldn't the district court make the determination under Adams whether it's duplicative as opposed to this Court? Because there have been some changes. There have been some changes, Your Honor. But they never sought to litigate these claims, the on-call claims in stickle. I do not believe there's anything for this Court to do if they wanted, once the class got dismissed, no class action. If they wanted to include the on-call claim individually, there's never been an order that says they can't. Counsel, I mean, if we follow your analysis to your result, aren't we kind of in a dilemma? Because on the one hand, the trial court in this case did not dismiss the Regio on the theory that it was duplicative litigation, that it served no useful purpose, and that the Regio claims belonged back in stickle. That wasn't the ruling. The ruling was it was res judicata. And it clearly isn't res judicata because there was no final judgment in stickle. So we're sitting on a situation where we have an erroneous ruling which in your theory at least reached the right result. I think that is correct in terms of what you're assuming in your argument, in your statement, Judge. But to remand back, you would only be remanding back to ask the Court to determine if it's a duplicate action as it relates to the class action. In other words, the motion, the Regio case was a class action. They wanted to certify the on-call. That's what they wanted to do. I do not believe that the Regio action was intended to simply litigate individual claims. It was the class action certification that was re-filed. And that's what the Court dismissed because that was deemed way. If it was. Kagan. But you're asking us to, aren't you asking us to dismiss the Regio action under Adams when you didn't make that argument in the district court? Correct. We did not make the duplication argument in court. We're asking you to affirm the dismissal because the dismissal was correct, even if this Court finds that it was not correct on the grounds asserted, because it was a correct ruling and there is no unfairness because they've always had a chance to litigate the individual claims. But it still isn't, but it's still not a final judgment. It is not a final judgment. We would, again, we could argue whether it is with prejudice and we could argue those cases, but I don't think it makes any difference. It doesn't matter how much prejudice it was with. No matter how much the district court wants to dispose of it now and forever, under Rule 54 the district court can't dispose of it now and forever unless he certifies. And nobody asked to certify.  I had no reason to, Your Honor. And I agree. That was never done. Nothing was done in Stickle as it relates to this action. But what we're not here to decide is, and I believe what plaintiffs, what appellants really want is they want the opportunity to relitigate the class issue. They're going to be barred by issue preclusion from doing that. That's correct. That's not a worry. That's why I don't understand why you would object to consolidating the individual claims back into Stickle. You don't seem to think that that's a reason. One of the reasons is, Your Honor, is because discovery in Stickle is closed and we're moving toward trial on the individual issues, and I really don't want to start that case over. That's the practical answer to your question. But I understand exactly what the Court's saying, and I don't think it would have much effect. I think there's four people who are still in Stickle. The others have been dismissed for various reasons. And I don't think it would have much practical effect as opposed to maybe opening up a little bit of discovery. But it's hard for us to truly make an Adams analysis since we don't have Stickle here. That is true. So we're really kind of guessing. But also, since it is an error locker, or as the Court has said, if this issue, if it was, if the deemed weighed was error, they still have remedies. And they will have remedies when there's a final judgment in Stickle, because that's what their brief really talks about. It talks about what the district court did in Stickle. And so that remedy is still available to them. So I would suggest there's really no reason for this Court to do anything in terms of remanding, because they'll still have their day in court if that were wrong. But I still contend, why didn't they pursue the individual claims if that's the issue? I don't think it is. They want to go back and redo the class. Unless the Court has any questions, I will not use my remaining two minutes and 40 seconds. All right. Thank you. Thank you. There do not appear to be additional questions. Do either judges have questions of Appellant's counsel? All right. This matter then will stand submitted. Thank you. Thank you.
judges: Singleton, Callahan, Watford